```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

RAYMOND CIMINO,

        Petitioner,

    -v-                                **6:08-cv-06318(MAT)**
                                                 **DECISION AND ORDER**
JAMES T. CONWAY, Superintendent
of Attica Correctional Facility,

        Respondent.
_____

**I.    Introduction**

    Proceeding pro se, Raymond Cimino ("Petitioner") instituted this action pursuant to 28 U.S.C. § 2254 ("Section 2254") seeking a writ of habeas corpus. In a Decision and Order dated March 2, 2011 (Dkt #22), this Court declined to issue the writ, and denied a certificate of appealability ("COA"). Judgment was entered dismissing the petition on March 3, 2011 (Dkt #23). On September 1, 2011, the Second Circuit denied Petitioner's request for a COA and dismissed the appeal (Dkt #26).

    On December 23, 2015, Petitioner filed a pleading (Dkt #27) styled as a "motion to vacate and set aside this Court's prior order . . . under Rule 60(b)(5), (6) of the Federal Rules of Civil Procedure" ("the Motion to Vacate"), "on the sole ground" that his "persistent felony offender adjudication is based upon a[n] earlier judgment of conviction that his since been reversed." Dkt #27, p. 1 of 1. Respondent filed a Response on February 11, 2016 (Dkt #29), arguing that the Motion to Vacate is actually a "second or successive" petition, which, under 28 U.S.C. § 2244(b)(2), requires

permission from the Second Circuit to file. Petitioner filed a Reply (Dkt #31), conceding that Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)") is not the proper procedural vehicle for his claim. Petitioner argues, however, that the Motion to Vacate is not a "second or successive" petition and requests that it be re-characterized as a Section 2254 petition.

For the reasons discussed herein, the Court finds that the Motion to Vacate is not a second or successive petition. Instead, it must be re-characterized as a new Section 2254 petition.

## II. Factual Background Relevant to the Instant Motion

In 2002, Petitioner was convicted of two counts of attempted aggravated assault on a police officer (N.Y. PENAL LAW §§ 110.00, 120.11), and three counts of first-degree reckless endangerment (Id. § 120.25). At the persistent felony offender hearing on October 25, 2002, the prosecution offered proof of five predicate felony convictions. On November 8, 2002, the sentencing court imposed a persistent felony offender sentence, pursuant to N.Y. Penal Law § 70.10, of 15 years to life.

On March 13, 2014, one of Petitioner's predicate felony convictions (Grand Larceny in the Fourth Degree, under Superior Court Information #252/2000) was vacated for reasons that are not readily apparent in the parties' pleadings and exhibits submitted in connection with the Rule 60(b) Motion. On July 10, 2014, Petitioner filed a collateral attack in State court, challenging his persistent felony offender sentence as invalid on the basis

that the 2000 fourth-degree grand larceny conviction used as a predicate felony had since been reversed. This motion was denied by Monroe County Supreme Court (Renzi, J.), and leave to appeal to the Appellate Division, Fourth Department was denied. Petitioner filed another collateral motion on March 3, 2015, raising the same challenge to his persistent felony offender sentence. Justice Renzi denied the motion on May 28, 2015, and leave to appeal to the Fourth Department was denied on September 23, 2015. Petitioner filed a motion for reargument, which was denied by the Fourth Department on November 26, 2015.

In the meantime, Petitioner filed another collateral motion in Monroe County Supreme Court on September 23, 2015, again challenging the validity of his persistent felony offender sentence. Justice Renzi denied the motion on February 5, 2016. This is the last State court filing in this matter of which the Court has been made aware.

**III. Discussion**

Because Petitioner has conceded that his current motion is not properly brought under Rule 60(b), the Court confines its discussion to whether the Motion to Vacate is a "second or successive" petition under the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA") and therefore subject to AEDPA's gatekeeping provisions, see 28 U.S.C. § 2244(b). If the Motion to Vacate is a "second or successive" petition, it must be transferred to the Second Circuit in order for that court to grant or deny

authorization to file it in the district court. See 28 U.S.C. § 2244(b)(2), (3)(A).[1]

As the Second Circuit noted in James v. Walsh, 308 F.3d 162 (2d Cir. 2002), "AEDPA does not define what constitutes a 'second or successive' petition." Id. at 167. The Second Circuit therefore looked to the pre-AEDPA "abuse of the writ" doctrine, pursuant to which "a subsequent petition is 'second or successive' when it raises a claim that was, or could have been, raised in an earlier petition." Id. at 167 (citations omitted). In James, the petitioner's filed in 1997 and denied on the merits. In August 1999, in his numerically second petition, James alleged that the State had erred in its calculation and application of his sentence and that he was being held in violation of State and Federal law. Specifically, James alleged that the State had failed to apply the credit for time served on his lesser sentence to his overall sentence, and thus miscalculated his conditional release date as April 2000 instead of April 1999. Noting that James's 1999 petition alleged the incorrect application of credit for time served and a miscalculation of the conditional release date, the Second Circuit

---

[1] "A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless . . . the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or . . . the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and . . . the facts underlying the claim . . . would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty . . . ." 28 U.S.C. § 2244(b)(2)(A)-(B). Before a second or successive petition permitted by Section 2244 can be filed in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Id. § 2244(b)(3)(A).

-4-

observed that James could not have argued that he was in custody in violation of laws of the United States for purposes of 28 U.S.C. § 2254(a) "before the time when, according to his calculations, he should have been released, that is, before April 1999." James, 308 F.3d at 168. Thus, the facts underlying the sentencing claim in the second petition had not arisen by the time James had filed his first habeas petition in 1997." Id.

Similarly, Petitioner's current claim that his persistent felony offender sentence is illegal did not exist in 2008, when he filed his first habeas petition. It was not until his fourth-degree grand larceny conviction was reversed in March 2014, that the factual basis for his current habeas claim arose. Therefore, Petitioner's Motion to Vacate is not a "second or successive" petition for purposes of AEDPA. See James, 308 F.3d at 168 ("Because the claim asserted in the 1999 petition did not exist when James filed his 1997 petition, the 1999 petition was not 'second or successive' for the purposes of AEDPA's gatekeeping provisions."). Petitioner does not need to obtain authorization from the Second Circuit to file the Motion to Vacate in this Court, which must be opened as a new Section 2254 proceeding. See id. (after finding that petitioner's petition had been transferred to it erroneously, circuit denied petitioner's application for authorization to file second or successive petition as unnecessary, and transferred matter to district court with instructions that petition be accepted for filing).

**IV. Conclusion**

For the foregoing reasons, Respondent's request to characterize the Motion to Vacate (Dkt #27) as a "second or successive" petition under AEDPA is **denied with prejudice**.

The Motion to Vacate (Dkt #27) is **denied with prejudice** to the extent that Petitioner therein requested for relief under Rule 60(b). The Motion to Vacate (Dkt #27) is **granted** to the extent that the Court finds that under Second Circuit caselaw, it is not a "second or successive" petition requiring authorization from the Second Circuit. Accordingly, the Clerk of Court is directed to open a new Section 2254 proceeding, and to file the Motion to Vacate (Dkt #27) as the initial petition in the newly opened matter. Once the new Section 2254 proceeding has been opened, a scheduling order will issue forthwith.

Finally, Petitioner's Motion for Leave to Proceed In Forma Pauperis (Dkt #28) is **granted**.

**SO ORDERED.**

S/Michael A. Telesca

_____

HON. MICHAEL A. TELESCA
United States District Judge

Dated:   March 21, 2016
         Rochester, New York.